UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Owens Transportation Service, Inc., | ) | CASE NO. 1:05 CV 2897 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| International Truck and Engine | ) | **Memorandum of Opinion and Order** |
| Corporation, et al., | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant International Truck and Engine Corporation's Motion for Summary Judgment (Doc. 21). Also pending is Defendant Cummins Engine Co., Inc.'s Motion for Summary Judgment (Doc. 22). This is a breach of warranty action. For the reasons that follow, the motions are GRANTED. In addition, the Clerk is hereby directed to add Daniel G. Owens as a party plaintiff.

**FACTS**

Plaintiff, Owens Transportation Service, Inc., filed this lawsuit against defendants, International Truck and Engine Corporation ("International") and Cummins Engine Corporation

1

("Cummins"), alleging breach of warranty associated with an allegedly defective tractor truck. Plaintiff is an S-corporation principally operated by Daniel G. Owens ("Owens").

On June 6, 2005, plaintiff purchased a 2005 Model 9400 International truck from J. Merle Jones & Sons, Inc., an independent dealer for International. At the time of purchase, plaintiff obtained a written warranty from International. That warranty provides, in relevant part,

> International, at its option, will repair or replace any part of this vehicle which proves defective in material and/or workmanship in normal use and service, with new or ReNEWed™ parts, for the first 24 months from new vehicle delivery date, or for 200,000 miles (320,000 km), whichever expiration occurs first. Exceptions are listed below under *What is Not Covered*.
>
> ***
>
> WHAT IS NOT COVERED
>
> AFTER THE FIRST 90 DAYS FROM DELIVERY TO USER (DTU):
> • Correction of loose fasteners, squeeks, rattles and unusual noises.
> • Towing.
> • Adjustments (e.g., headlights, brake/clutch adjustments, coolant level).
>
> **COMPONENTS / ITEMS**:
> • **Warranted by their respective manufacturers** (e.g., non-International brand engines, tires & tubes, Allison Transmissions, lubricants, etc.)
> • Bodies, equipment, and accessories installed by other than authorized International Truck employees at International Truck manufacturing plants.
> • Front and rear axle alignment.

(emphasis added). It is undisput

ed that Cummins manufactured the truck's engine. Cummins provided a separate six-page written warranty covering the engine. In essence, Cummins warranted to pay for all parts and labor needed to repair damage occurring due to failures of specific engine components.

Almost immediately after purchasing the truck plaintiff began to experience problems. Specifically, plaintiff claims that Owens brought the truck to an International dealer two weeks after the purchase because the truck required twice as much fuel as usual. In addition, Owens informed the dealer that he was forced to "drop gears" when climbing hills. The dealer informed Owens that the problems he complained of were engine related. Accordingly, the repair shop directed plaintiff to a Cummins repair facility. Over the course of the next eight months, plaintiff brought the truck to a Cummins repair facility on six separate occasions. On four occasions, plaintiff complained that the power was low and/or the truck required excessive fuel. On the other two occasions, the check engine light was displayed. In addition, plaintiff brought the truck to an International dealership on two occasions. The first time plaintiff was told that the truck displayed no error codes. The second time International made minor repairs to a mirror, the fuel gauge, the air dryer and performed some recall work. Notwithstanding these problems, Owens was able to drive the truck for over 120,000 miles.

Owens suffered from health problems that prevented him from driving the truck during April of 2006. Owens testified that shortly thereafter, he was unable to start the truck. He had it towed to a local repair facility, but never took it to either International or Cummins. According to his testimony, the truck still does not start.

Plaintiff filed this lawsuit asserting four claims for relief. Count one is a warranty claim asserted pursuant to the Magnuson-Moss Federal Trade Commission Act. Count two is a

warranty claim asserted pursuant to the Ohio Uniform Commercial Code.  Count three is a claim for "implied warranty in tort."  Count four is a claim for violation of the Ohio Consumer Sales Practices Act.  Defendants International and Cummins both move for summary judgment.  Plaintiff opposes the motions.

### STANDARD OF REVIEW

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323.  A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In ruling upon the motion, the court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985). However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317).

**DISCUSSION**

1. Counts one and four

International argues that counts one and four must be dismissed because the truck is not a "consumer good." According to International both the Magnuson-Moss Act and the Ohio Consumer Sales Practices Act do not apply to commercial goods. Plaintiff does not respond to this argument.

Upon review, the Court finds that defendants are entitled to summary judgment on counts one and four. The Magnuson-Moss Act applies only to a "consumer product," which is defined by statute to mean "any tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes." 15 U.S.C. § 2301(1). Similarly, the Ohio Consumer Sales Practices Act applies to a "consumer transaction," which "means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things...." O.R.C. § 1345.01(A). Thus, on the face of both statutes, the transaction must involve an item designed primarily for "personal family or household" use. In this case, plaintiff responded to a series of Requests for

5

Admissions directed at determining whether the truck qualifies for coverage under either statute. Specifically, plaintiff admitted that the vehicle is not used primarily for personal, family or household purposes. In addition, plaintiff expressly admitted that the vehicle is neither a "consumer product" as that term is defined by the Magnuson-Moss Act, nor is the transaction a "consume transaction" subject to O.R.C. §1345. Accordingly, based on plaintiff's own admissions, counts one and four fail as a matter of law.[1]

    2. Count two

In count two, plaintiff asserts a claim for violation of the Ohio Uniform Commercial Code based on breach of express warranty, implied warranty of merchantability and implied warranty of fitness for a particular purpose. In its brief in opposition, plaintiff concedes that he cannot pursue claims based on an implied warranty in that plaintiff is not in privity with defendants. Accordingly, the Court need only consider whether summary judgment is appropriate with respect to plaintiff's claim for breach of express warranty.

        A. International

International moves for summary judgment on the grounds that there is no evidence that it breached the terms of its express warranty. Specifically, International points out that any engine problems are specifically excluded from the scope of the warranty it provided to plaintiff. In addition, International points out that plaintiff brought the truck in for repairs actually covered

---

[1] International offers a letter from plaintiff's counsel stating that plaintiff filed a notice of dismissal with respect to counts one and four. No such notice was ever filed, which forced defendant to move for summary judgment on these claims.

under the warranty[2] on only one occasion.  These repairs were completed and no further problems arose.

Plaintiff cites absolutely no evidence in response.  Rather, plaintiff simply argues that it has had engine problems that International was unable to fix.

Upon review, the Court finds that International is entitled to summary judgment.  The warranty provided by International contains an express disclaimer with regard to components warranted by their respective manufacturers.  By way of example, the warranty expressly identifies "non-International brand engines," as a "non-covered" item.  In this case, plaintiff does not deny (and in fact affirmatively alleges) that Cummins manufactured the engine and provided plaintiff with a separate warranty.  Accordingly, the alleged deficiencies with the truck are not covered by the International warranty.  Plaintiff's breach of express warranty claim fails as to defendant International for the simple reason that plaintiff cannot establish any breach of the provision.  Accordingly, International is entitled to summary judgment.

      B.  Cummins

Cummins moves for summary judgment on the grounds that plaintiff lacks standing to assert a claim for breach of express warranty.  According to Cummins, Owens purchased the truck in his individual capacity.  Because Owens purchased the vehicle, as opposed to the plaintiff corporation, all warranty rights belong to Owens.  Owens, however, is not a plaintiff in this lawsuit.  Cummins points out that the Registration/Memorandum Title indicates that Daniel G. Owens d/b/a Owens Transport Service owns the truck.

---

[2]     The warranty repairs performed by International include repairs to a mirror, the fuel gauge and the air dryer.

7

In response, plaintiff admits that it is not the titleholder to the vehicle.  Plaintiff, however, claims that the vehicle was purchased for commercial use and that both the contract of sale and the financing agreement identify "Daniel G. Owens d/b/a Owens Transportation Services, Inc." as the purchaser.  Thus, plaintiff argues that it is the real party in interest.  Alternatively, plaintiff argues that, to the extent the Court disagrees with plaintiff's position, Federal Rule of Civil Procedure 17(a) prevents the Court from entering summary judgment.  Plaintiff claims that this rule requires the Court to permit a reasonable time for plaintiff to join or substitute the real party in interest.  In response, Cummins argues that plaintiff is confusing the "real party in interest" rule with the concept of standing.

Upon review, the Court will allow plaintiff to add Daniel G. Owens as a party plaintiff. It is not entirely clear whether plaintiff or Daniel G. Owens possesses the right to enforce the Cummins warranty.  The contract for sale lists the purchaser as "Daniel G. Owens d/b/a Owens Transportation Serv., Inc."  As a matter of corporate law, it does not appear that an individual could hold itself out as "doing business as" a corporate entity.  Given the nature of the purchase, the more likely interpretation of the purchase order is that Daniel G. Owens attempted to purchase the vehicle on behalf of the corporate entity.  For the sake of clarity, however, the Court will permit plaintiff to add Daniel G. Owens as a party plaintiff.   The purpose of Rule 17 is to permit the substitution or addition of a plaintiff where "determination of the proper party to sue is difficult or when an understandable mistake has been made."  *See*, Fed. R. Civ. Pr. 17 at Advisory Committee Notes.  Moreover, in this case the plaintiff does not object and, in fact, is itself seeking to invoke Rule 17.  Generally speaking, "...the modern function of [Rule 17]...is simply to protect a defendant against a subsequent action by the party actually entitled to

8

recover, and to insure generally that the judgment will have its proper effect as res judicata." *Id*. Because invocation of this rule will serve to benefit the defendant, the Court finds that plaintiff's request must be granted. Accordingly, Daniel G. Owens will be added to this case as a party plaintiff. The Court now turns to the merits of plaintiff's claim.

Pursuant to the O.R.C. §1302.93, "repair and replacement" warranties, such as the one at issue in this case, are expressly permitted under Ohio law. These types of warranties serve to limit the measure of damages and the remedy available to the purchaser. Where, however, a "repair and replacement" warranty fails of its essential purpose, the other remedies provided under the U.C.C. are available to the purchaser. *Goddard v. General Motors Corp.*, 396 N.E.2d 761 (Ohio 1979). "With regard to the automobile manufacturer's limitation of the buyer's remedy to repair or replacement parts, the remedy will fail of its essential purpose if the automobile is so 'riddled with defects' that it cannot be repaired." *Haynes v. George Ballas Buick-GMC Truck*, 1990 WL 210413 (Oh. Ct. App. 8th Dist. Dec. 21, 1990). The Ohio Supreme Court has expressly recognized the availability of alternative remedies if "the seller is subsequently unable or unwilling to repair or replace a defective part within a reasonable time." *Goddard*, 396 N.E.2d at 764-65.

Cummins argues that plaintiff cannot establish that it breached the warranty. According to Cummins, it paid for all claims made pursuant to the warranty. Cummins further argues that there is no evidence suggesting that the "current condition," i.e., the inability to start the truck, has anything to do with the engine. Given that plaintiff has not taken the truck to Cummins for diagnosis and repair, plaintiff cannot claim that the current condition is attributable to defendant. Plaintiff further points out that the truck was driven more miles per month than plaintiff's

9

previous truck.  In addition, plaintiff's gross revenue increased after he purchased the truck. Thus, according to Cummins, no reasonable juror could conclude that the truck was "so riddled with defects" that the warranty failed of its essential purpose.

In response, plaintiff argues that the truck was taken to Cummins for engine problems on six occasions– four related to engine performance and two emergency visits.  Plaintiff argues that the truck "remains" defective even after six visits to various repair shops.  Plaintiff claims that defendant "continuously" failed to locate the source of the low engine performance and economy.[3]  According to plaintiff, the engine "continue[s] to generate only a fraction of the horsepower...while consuming fuel far above any reasonable rate."  According to plaintiff, the failure of Cummins to adequately repair the engine amounts to "an unreasonable amount of time and number of [repair] attempts."

Upon review, the Court finds that Cummins is entitled to summary judgment.  As an initial matter, plaintiff cites no evidence in support of the claims in the complaint.  Rather, plaintiff rests entirely on legal argument and unsupported factual assertions.  The Court agrees with Cummins that there is no indication that the current inability to start the truck is related in any fashion to any part covered by the Cummins warranty.  It is undisputed that plaintiff has not brought the truck to Cummins for service.  The Court has thoroughly reviewed the repair orders submitted by the defendant. Based on the repair orders and the lack of any specific analysis, evidence or discussion on the part of plaintiff, the Court finds that plaintiff fails to establish a

---

[3]  Plaintiff argues that defendant is attempting to shift the blame by arguing that the problems are due to a "computer malfunction." The Court has carefully read the motion filed by defendant Cummins and no such argument appears.

10

genuine issue of material fact with regard to whether the warranty failed of its essential purpose. Although the repair orders discuss issues with horsepower and low gas mileage, plaintiff fails to analyze these findings in any fashion. Rather plaintiff simply argues as follows,

> Under this warranty[,] plaintiff has taken the truck in for service by Cummins technicians six [6] times. Each time the truck was in, technicians attempted to diagnose the performance issues but were ultimately unable to bring the engine up to performance specifications. The engine continued to generate only a fraction of the horsepower it was designed and promised to create, while consuming fuel far above any reasonable rate. The truck was out of service and unavailable to plaintiff while in service, in addition to costing plaintiff double for fuel expenses.

As an initial matter, these generalized statements are not supported by evidence. Plaintiff fails to provide an expert report–or even his own affidavit–specifically outlining the fuel consumption issues. Although the repair orders indicate complaints about "fuel consumption" and low horsepower, there is no evidence supporting plaintiff's argument that the vehicle consumed fuel "far above any reasonable" rate. Nor is there any evidence that plaintiff paid "double" the amount for fuel. Plaintiff points to no deposition testimony, nor does plaintiff provide any affidavit or documentation supporting these statements. The repair orders, while generally discussing these issues, do not support the severity of the problem alluded to in plaintiff's brief. Although on one occasion, a repair order indicated that the horsepower was "below spec," there is no analysis or argument concerning the difficulties plaintiff encountered due to the low horsepower.[4] Although plaintiff may not be required to produce sophisticated evidence regarding the problem, this Court has no independent knowledge of engine

---

[4] For example, it is not clear whether the horsepower was continuously below spec or whether this was an occasional occurrence. Plaintiff also fails to provide any evidence of the actual specification or the degree to which the horsepower fell below the specification.

11

performance.  Plaintiff wholly failed to provide even a basic explanation of the effects of the engine problems, other than unsupported generalized statements.  In light of the fact that Cummins cites to evidence that plaintiff was able to drive the truck over 120,000 miles and earned more revenue with this truck compared to the previously owned truck, the Court finds that the truck was not "so riddled" with defects that repair was not possible.  Accordingly, the Court finds that Cummins did not breach the express warranty.  Summary judgment is warranted in favor of Cummins.

    3.  Count three

Count three asserts a claim for implied warranty in tort.  Plaintiff concedes in its brief in opposition that these claims fail as a matter of law due to lack of privity.  Accordingly, defendants are entitled to summary judgment on count three.

**CONCLUSION**

For the foregoing reasons, Defendant International Truck and Engine Corporation's Motion for Summary Judgment is GRANTED.  The Court also GRANTS Defendant Cummins Engine Co., Inc.'s Motion for Summary Judgment.

IT IS SO ORDERED.


                         /s/ Patricia A. Gaughan
                         PATRICIA A. GAUGHAN
                         United States District Judge

Dated: 12/7/06